IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROL MCCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cv-877-WHA-CSC |
| | ) | |
| | ) | (WO) |
| SAIBABA INTERNATIONAL, LLC, | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on Defendant Saibaba International, LLC's Motion for

Summary Judgment (Doc. # 18).  Also before the court are Plaintiff Carol McCallister's

Response to the Motion (Doc. # 27) and the Defendant's Reply thereto (Doc. # 30).  The

Defendant has also filed a Motion to Strike (Doc. # 23) an electronically filed notice regarding a

CD it has submitted as evidence (Doc. # 21), on the grounds that it later filed a similar notice

manually.

The Plaintiff filed her original Complaint in this court on December 2, 2013, alleging the

court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Specifically, the Plaintiff alleged

that the amount in controversy exceeds $75,000, that she is a citizen of Illinois, and that the

Defendant is a citizen of Alabama.  The Defendant has not challenged the court's jurisdiction,

and the court finds it has proper diversity jurisdiction over this case.

All of the Plaintiff's claims are based upon injuries she sustained on April 19, 2012, after

falling down in a hallway outside the lobby restroom of a Best Western Motel owned by the

1

Defendant and located in Clanton, Alabama.  The Plaintiff alleges that the Defendant "failed to

adequately light the hallway leading to the restroom near the lobby at the time of the incident,"

that this constituted a "defective and/or unreasonably dangerous condition," and that the

Defendant's "negligence and wantonness" caused the Plaintiff's injuries and damages.  (Doc. # 1

at 2 ¶ 5, 4 ¶¶ 8–9.)

For the reasons to be discussed, the Motion for Summary Judgment is due to be

GRANTED in part and DENIED in part.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . .

the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of

informing the district court of the basis for its motion," relying on submissions "which it believes

demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  Once the moving party

has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a

genuine issue for trial.  *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is

genuinely disputed, must support their assertions by "citing to particular parts of materials in the

record," or by "showing that the materials cited do not establish the absence or presence of a

genuine dispute, or that an adverse party cannot produce admissible evidence to support the

fact." Fed. R. Civ. P. 56 (c)(1)(A)–(B).  Acceptable materials under Rule 56(c)(1)(A) include

"depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the non-movant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

On the day that the Plaintiff fell and was injured, she was a guest at the Defendant's Best Western Motel in Clanton, Alabama. Immediately before walking toward the restroom and falling, the Plaintiff was sitting in the lobby lounge area with her husband. Shortly before she got up to use the restroom, an employee of the Defendant named Maria Sorreno mopped the restroom hallway and nearby areas. When she was finished mopping, Sorreno left the mop and bucket she used next to the wall just in front of the hallway entrance. She did not put out a yellow cone or other sign to warn of a wet floor in the immediate area.

Approximately three minutes after Sorreno finished mopping, the Plaintiff got up and walked toward the hallway leading to the lobby restrooms. The light in the hallway was not turned on and therefore the area was dimly lit. Before she reached the restroom door, the

Plaintiff slipped on the floor, fell, and sustained injuries.  Her pants got wet after she fell and she

smelled cleaning products.  After the Plaintiff fell, the front desk clerk, Shaye Castleberry, went

to check on her and turned on the hallway light.  After the light was turned on, the Plaintiff's

husband saw wet areas on the ground where the Plaintiff had fallen moments before.

## IV. DISCUSSION

The Plaintiff has conceded that summary judgment is appropriate as to her wantonness

claims.  (Doc. # 28 at 1.)  Therefore, the court will grant summary judgment on those claims.

The only remaining claims, then, are those premised on negligence.

To recover, the Plaintiff must prove that (1) the Defendant owed her a duty of care, (2)

the Defendant breached that duty of care, (3) she suffered a loss or injury, and (4) the

Defendant's negligence was the actual and proximate cause of the Plaintiff's loss or injury.  *See*

*Lollar v. Poe*, 622 So. 2d 902, 905 (Ala. 1993); *see also Martin v. Arnold*, 643 So. 2d 564, 567

(Ala. 1994); *John R. Cowley & Bros., Inc. v. Brown*, 569 So. 2d 375, 379 (Ala. 1990).  The

Defendant argues it is entitled to summary judgment because the dangerous condition in this

case, the freshly mopped floor, was open and obvious, and therefore Defendant did not breach its

duty of care to the Plaintiff.

### A.  The Nature of the Defendant's Duty to the Plaintiff

The parties agree that the Plaintiff was a business invitee of the Defendant on the day that

she fell and injured herself.  (Doc. # 24 at 1 n.1.)  Under Alabama law, the owner of a business

owes its invitees the duty to "use reasonable care and diligence to keep the premises in a safe

condition or, if the premises [are] in a dangerous condition, to give sufficient warning so that an

invitee might avoid danger by the use of ordinary care."  *Hunter v. Durr Sys., Inc.*, No.

2:06CV411-WHA, 2007 WL 1215075, at *2 (M.D. Ala. Apr. 24, 2007) (internal citations and

quotation marks omitted) (alteration in original).  This duty does not extend, however, to dangers

that are "open and obvious."  *Id.*  The Defendant has raised the affirmative defense that the

danger in this case was open and obvious, meaning it did not breach its duty of warning business

invitees of dangerous conditions, including the condition that allegedly caused injury in this case.

### B.  Whether the Plaintiff Must Show Notice of the Dangerous Condition

As a prerequisite to the imposition of liability for injury resulting from a dangerous

condition, a plaintiff must prove either that the defendant had actual or constructive notice of the

condition or that the defendant affirmatively created the condition.  *Nelson v. Delchamps, Inc.*,

699 So. 2d 1259, 1261 (Ala. Civ. App. 1997).  In the latter scenario, "the courts presume notice."

*Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So. 2d 463, 465 (Ala. 1992) (quoting Joseph A.

Page, *The Law of Premises Liability*, § 7.11 at 169 (2d ed., 1988)).  Here, the parties agree that

the Plaintiff need not establish actual or constructive notice because the Defendant's employee,

Sorreno, created the dangerous condition of a wet floor shortly before the Plaintiff's fall.  (Doc.

# 30 at 1–2.)[1]  Because the notice requirement has been satisfied, the court turns to consider the

issue on which the parties disagree: whether the dangerous condition was open and obvious such

that the Plaintiff could have avoided injury by using ordinary care.

### C.  Whether the Danger Was Open and Obvious

As stated above, the Defendant has raised the affirmative defense that the dangerous

condition at issue in this case, the freshly mopped wet floor outside the restroom, was open and

obvious to the extent that the Plaintiff could have avoided falling through the exercise of

---

[1] Specifically, the Defendant notes that it "conceded in its Motion for Summary Judgment that it had notice of the water on the floor in the area where the Plaintiff's fall occurred."  (Doc. # 30 at 1–2.)  While the Defendant has not admitted that it affirmatively created the dangerous condition, the parties do agree that the Plaintiff is not required to submit any proof of actual or constructive notice in this case.

ordinary care.  Because this argument constitutes an affirmative defense, the Defendant bears the

burden of proof.  *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 742 (Ala. 2009).

The issue whether a danger is open and obvious is evaluated using an objective standard:

"A condition is 'obvious' if the risk is apparent to, and of the type that would be recognized by, a

reasonable person in the position of the invitee."  *Douglas v. Devonshire Apartments, L.L.C.*, 833

So. 2d 72, 74–75 (Ala. Civ. App. 2002).  This issue "is generally one of fact."  *Howard v. Andy's*

*Store for Men*, 757 So. 2d 1208, 1211 (Ala. Civ. App. 2000).  As a result, "[q]uestions of

openness and obviousness of a defect or danger of an invitee's knowledge are generally not to be

resolved on a motion for summary judgment."  *Ex parte Kraatz*, 775 So. 2d 801, 804 (Ala.

2000); *see also Hunter*, 2007 WL 1215075, at *3 ("[U]nless the facts indisputably demonstrate

that a danger was open and obvious, summary judgment is not appropriate.").

Here, the Defendant has made two main arguments as to why the wet floor was open and

obvious as a matter of law.  First, it argues that the bucket left to the side of the hallway was

sufficient warning that the floor nearby was freshly mopped.  Second, it argues that the Plaintiff

maintains the hallway was entirely dark, and that the darkness itself was sufficient notice that it

was dangerous to proceed into the hallway without taking precautions against injury.  Contrary

to the Defendant's arguments, the court finds that issues of fact remain as to whether the wet

floor near the hallway was open and obvious such that the Plaintiff's fall could have been

avoided if she used ordinary care.  The court will discuss each argument in turn.

The Defendant argues that the presence of the mop and bucket made the condition of the

floor so open and obvious that further warning was not necessary.  The Defendant contends that

because the Plaintiff and her husband could have observed Sorreno mopping the floor, and

because the Plaintiff walked right by the bucket on the way to the restroom, she should have

6

taken further precautions to avoid being injured.  The Defendant also points out that in her

deposition, the Plaintiff "admitted that if one saw a mop and mop bucket in an area, it was

reasonable to assume that someone had just mopped in that area." (Doc. # 24 at 7.)

   The court finds that these arguments only emphasize the fact that there remains a

disputed issue of fact as to whether the presence of the mop and bucket made the condition of the

floor near the restroom open and obvious.  The Plaintiff argues that there is no evidence that she

or her husband saw Sorreno mopping.  She also points out that the Defendant's corporate

representative, Paresh Patel, testified at his deposition that the custodial staff at the Best Western

is trained to put out yellow wet floor cones after mopping, that putting out such cones after an

area is mopped is the Defendant's policy, and that if Sorreno did not put any cones out after

mopping, that would be a violation of the policy.  (Doc. # 28 at 5.)

   These competing arguments highlight the dispute over whether there were sufficient

signs or other warnings near the area were Sorreno mopped the floor shortly before the Plaintiff

got up to go to the restroom.  This issue is governed by an objective standard, and is usually a

fact issue for the jury.  In light of the evidence and its disputed significance, the court finds that

the presence of the mop and bucket, by itself, cannot establish that the dangerous condition was

open and obvious as a matter of law.

   The second major issue affecting whether the wet floor was open and obvious is the

lighting of the hallway leading to the restrooms.  The Complaint states that the light in the

hallway leading to the restroom was off at the time of the Plaintiff's fall.  The Plaintiff's

deposition testimony is consistent—she recalled that the hallway was dark when she entered it

and that Castleberry, the front desk clerk, turned on the light after the Plaintiff fell.  Patel

testified that according to the Defendant's policies, the light should have been on before the

7

Plaintiff entered the hallway.  Ensuring the light was on was the responsibility of the front desk

staff—in this case, Castleberry.

To support its contention that summary judgment is warranted, the Defendant points to a

line of case law holding that "darkness possibly concealing an unseen or unknown hazard, as a

matter of law, presents an open and obvious danger to someone proceeding through unfamiliar

surroundings."  (Doc. # 30 at 4.)  The Defendant contends that because the Plaintiff "testified

that the hall was dark," the fact that she proceeded into the hallway despite the darkness relieved

the Defendant of any duty to warn her of a hidden defect.  (*Id.*)

The Alabama Supreme Court has drawn an important analytical distinction between *total*

darkness on the one hand and partial or dim lighting on the other.  One of its decisions,

contrasting the case before it with two previous "total darkness" cases, explained:

> Partial or poor light, like that in the case before us, could mislead a reasonably
> prudent person into thinking that he or she would be able to see and to avoid any
> hazards. The variable factors which make openness-and-obviousness under partial
> or poor light conditions a *fact question not appropriate for resolution by summary
> judgment* are direction, level, color, diffusion, shadows, and like qualities of light,
> as well as the other physical features of the scene.

*Kraatz*, 775 So. 2d at 804 (emphasis added).  Thus, the Alabama Supreme Court has held

that summary judgment may be appropriate in *total* darkness cases, but will most likely

be unwarranted in cases where there was "partial or poor light."  *Id.*

In this case, the Plaintiff answered affirmatively when the Defendant's counsel asked if

the hallway was "dark."  (Doc. # 29-1 at 69:5–11.)  She also stated, twice, that the hallway was

"dimly lit."  (*Id.* at 65:13, 69:17.)  She further testified that she "could see the sign on the

[restroom] door."  (*Id.* at 69:17–18.)  Based on this evidence, the court finds that this is not a

"total darkness" case.  The Plaintiff never testified that the hallway was totally dark, and she

used the phrase "dimly lit" in her testimony.  She could see well enough to make out a sign on

the restroom door.  Additionally, there is no evidence that a door separated the hallway area from the main lobby area, which was lit at the time of Plaintiff's fall. (Doc. # 25-1 [CD Surveillance Video].)  The court concludes that a reasonable jury could find that the hallway was not adequately lit, but was lit well enough so as to hide the dangerous condition of the floors.  The record indicates that this is a case of "partial or poor light," like the *Kraatz* case.  As in that case, the fact issues concerning the lighting of the hallway where the Plaintiff fell are "not appropriate for resolution by summary judgment."  *Kraatz*, 775 So. 2d at 804.

Disputed issues of fact remain as to the sufficiency of any warning that the floor near the restroom was wet and as to the lighting in the hallway.  The facts of this case do not "indisputably demonstrate that [the] danger was open and obvious," therefore "summary judgment is not appropriate." *Hunter*, 2007 WL 1215075, at *3.  The Motion for Summary Judgment is due to be DENIED as to the Plaintiff's negligence claims.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment (Doc. # 18) is GRANTED as to the Plaintiff's wantonness claims and is DENIED as to the Plaintiff's negligence claims.

2. The Defendant's Motion to Strike (Doc. # 23) its electronically filed notice of evidentiary submission (Doc. # 21) is GRANTED in order to avoid duplication.

3. The case will proceed on the Plaintiff's negligence claims.

DONE this 13th day of February, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

9